**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| FRACTAL ANALYTICS, INC., <br><br>       Plaintiff, <br><br> v. <br><br> FRACTALANALYTICSINC.COM and FRACTAL-ANALYTICS.COM, Internet domain names, <br><br>       Defendants. | Civil Action No. 1:19-cv-1051 |

## COMPLAINT

Plaintiff Fractal Analytics, Inc., by counsel, alleges as follows for its *in rem* Complaint against Defendants FractalAnalyticsInc.com and Fractal-Analytics.com (collectively, the "Defendant Domain Names").

## NATURE OF THE SUIT

1.       This is an *in rem* action for cybersquatting under the Federal Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

## PARTIES

2.       Fractal Analytics, Inc. (hereinafter "Fractal Analytics") is a corporation organized and existing under the laws of New York with a principal business address of 1 World Trade Center, Suite 76J, New York, NY 10007.

3.       Fractal Analytics was founded in 2000, and is an analytic company providing information and consultancy services to organizations for data-driven decision-making.

4.       FractalAnalyticsInc.com is an internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by the registrar NameCheap,

Inc. to an unknown registrant.  The registrant is listed only as "WhoisGuard Protected," and, on information and belief, is intentionally concealing his/her/its identity through the registrar and/or use of a privacy service.   A copy of the domain name registration record for FractalAnalyticsInc.com is attached as Exhibit A.

5.      Fractal-Analytics.com is an internet domain name which, according to records in the WHOIS database of domain name registrations, is registered by the registrar Domain.com LLC to an unknown registrant.  The registrant is listed only as "REDACTED FOR PRIVACY," and, on information and belief, is intentionally concealing his/her/its identity through the registrar and/or use of a privacy service.  A copy of the domain name registration record for Fractal-Analytics.com is attached as Exhibit B.

## JURISDICTION, VENUE, AND JOINDER

6.      This is a civil action for federal cybersquatting in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

7.      This Court has original jurisdiction under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338(a).

8.      This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A).   *In rem* jurisdiction is appropriate under 15 U.S.C. § 1125(d)(2)(A)(ii) because the listed registrants of the Defendant Domain Names are being concealed by the registrars and/or privacy services, and therefore Plaintiff cannot obtain *in personam* jurisdiction over a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A), and/or Fractal Analytics, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

9.      Pursuant to 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(aa), Fractal Analytics will give notice of the violations of Fractal Analytics' rights, and Fractal Analytics' intent to proceed *in rem*, to the postal and e-mail addresses set forth in the registration records for the Defendant Domain Names.

10.     Venue is proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) in that the .COM domain name registry operator, VeriSign, Inc., is situated in this judicial District, and the Defendant Domain Names are .COM domain names.

11.     Joinder of the Defendant Domain Names is proper under Fed. R. Civ. P. 20(a)(2) in that the *in rem* cybersquatting claims set forth herein arise out of the same series of transactions and the same questions of law are common to both of the Defendant Domain Names.

12.     The registration records for FractalAnalyticsInc.com and Fractal-Analytics.com show that these two highly similar domain names were registered for the first time within three days of one another, and are both registered to a party concealing his/her/its identity and who has not responded to Fractal Analytics' pre-suit correspondence.  On information and belief, the same unknown party registered and currently owns both Defendant Domain Names.

## FRACTAL ANALYTICS' RIGHTS

13.     Fractal Analytics was founded in 2000 to provide strategic analytic services to companies around the world, offering, *inter alia*, data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions.

14.     Since its founding, Fractal Analytics has used the FRACTAL, FRACTAL ANALYTICS, and FRACTAL formative marks around the world, including in the United States,

in association with software development, data analytics, and related services (collectively the "FRACTAL ANALYTICS Marks").

15.     Fractal Analytics advertises its services through, *inter alia*, its website, at FractalAnalytics.com and Fractal.ai.

16.     The FRACTAL word mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934960.  *See* Exhibit C.

17.     The FRACTAL design mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4944078.  *See* Exhibit D.

18.     The FRACTAL ANALYTICS mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 4934961.  *See* Exhibit E.

19.     The FRACTAL design mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605981.  *See* Exhibit F.

20.     The FRACTAL INTELLIGENCE FOR IMAGINATION design mark is also registered on the Principal Trademark Register of the U.S. Patent and Trademark Office under registration number 5605982.  *See* Exhibit G.

21.     Fractal Analytics' federal registrations for the FRACTAL ANALYTICS Marks are *prima facie* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce.

22.     Fractal Analytics has previously taken action to protect its customers and the FRACTAL ANALYTICS Marks, and this Court has recognized the validity and distinctiveness

of the FRACTAL ANALYTICS Marks. *See Fractal Analytics, Inc. v. FractalAnalyticsPro.com*, 18-cv-00853-CMH-MSN [Doc. 22] (E.D. Va. Jan. 23, 2019) (entering judgment in favor of Fractal Analytics on ACPA claim).

<u>**UNLAWFUL REGISTRATION AND USE OF THE DOMAIN NAMES**</u>

23.     The <u>FractalAnalyticsInc.com</u> domain name is merely Fractal Analytics' registered FRACTAL ANALYTICS mark with "Inc." added to the end.

24.     Upon information and belief, the <u>FractalAnalyticsInc.com</u> domain name was first registered on June 17, 2019.

25.     The <u>Fractal-Analytics.com</u> domain name is merely Fractal Analytics' registered FRACTAL ANALYTICS mark with a hyphen, rather than a space, between the two terms.

26.     Upon information and belief, the <u>Fractal-Analytics.com</u> domain name was first registered on June 20, 2019.

27.     The uses of the FRACTAL ANALYTICS Marks within the Defendant Domain Names are without authorization from Fractal Analytics.

28.     Upon information and belief, the registrant(s) of the Defendant Domain Names do not have any trademark or other intellectual property rights in the Defendant Domain Names.

29.     Upon information and belief, the Defendant Domain Names do not consist of the legal name(s) of the registrant(s) or name(s) that are otherwise commonly used to identify the registrant(s).

30.     Upon information and belief, the registrant(s) never made bona fide noncommercial or fair use of the FRACTAL ANALYTICS Marks in a site accessible under Defendant Domain Names.

31.     At present, no websites are accessible under either of the Defendant Domain Names.

32.     Upon information and belief, the registrant(s) of the Defendant Domain Names have not engaged in a bona fide offering of any good or services in connection with the FRACTAL ANALYTICS Marks in any websites accessible under the Defendant Domain Names.

33.     Upon information and belief, the registrant(s) of the Defendant Domain Names registered the Defendant Domain Names with intent to divert consumers away from Fractal Analytics' legitimate online locations, for commercial gain, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the Defendant Domain Names.

34.     Upon information and belief, the registrant(s) of the Defendant Domain Names provided material and misleading false contact information when applying for and maintaining the registration of the Defendant Domain Names in that the registrant(s) of the Defendant Domain Names are concealing their identity from the public whois record for the Defendant Domain Names.

35.     The registrant(s) of the Defendant Domain Names are unknown because the registrars and/or privacy services are concealing such information.

36.     Upon information and belief, the use of the FRACTAL ANALYTICS Marks in the Defendant Domain Names does not constitute the registrant(s)' individual name(s), or the individual name of anyone in privity with registrant(s), or of a term or device which is descriptive of and used fairly and in good faith only to describe the goods or services of registrant, or their geographic origin.

**COUNT ONE:**
**(Violation of the Federal Anti-Cybersquatting Consumer Protection Act)**

37.     Fractal Analytics repeats and realleges each and every allegation set forth in the foregoing paragraphs, as though fully set forth herein.

38.     Fractal Analytics' federally-registered FRACTAL ANALYTICS Marks are famous and/or distinctive and were famous and/or distinctive prior to the time of registration of the Defendant Domain Names.

39.     The aforesaid acts by the registrant(s) of the Defendant Domain Names constitute registration, maintenance, trafficking in, and/or use of domain names that are confusingly similar to the Fractal Analytics' FRACTAL ANALYTICS Marks, with bad faith intent to profit therefrom.

40.     In light of the concealment of the identity of the owners of the Defendant Domain Names, Fractal Analytics is not able to obtain *in personam* jurisdiction over the registrant(s) of the Defendant Domain Names or any other person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

41.     Fractal Analytics, despite its due diligence, has been unable to find a person who would have been a defendant in a civil action under 15 U.S.C. § 1125(d)(1)(A).

42.     The aforesaid acts by the registrant(s) of the Defendant Domain Names constitute unlawful cyberpiracy in violation of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1).

43.     The aforesaid acts have caused, and are causing, great and irreparable harm to Fractal Analytics and the public.  The harm to Fractal Analytics includes harm to the value and goodwill associated with the FRACTAL ANALYTICS Marks that money cannot compensate. Unless permanently restrained and enjoined by this Court, said irreparable harm will continue.

44.     Pursuant to 15 U.S.C. § 1125(d)(2)(D)(i), Fractal Analytics is entitled to an order transferring the Defendant Domain Names to Fractal Analytics.

## PRAYER FOR RELIEF

WHEREFORE, Fractal Analytics respectfully requests of this Court:

1.     That judgment be entered in favor of Fractal Analytics on its claim of cybersquatting;

2.     That the Court order the Defendant Domain Names be transferred to Fractal Analytics through transfer by VeriSign, Inc. of the Defendant Domain Names from the current domain name registrars to Fractal Analytics' domain name registrar of choice and by such registrar's change of the registrant to Fractal Analytics;

3.     That any other domain name(s) registered by the registrant(s) of the Defendant Domain Names that resemble or include the FRACTAL ANALYTICS Marks be transferred to Fractal Analytics;

4.     That the Court order an award of costs and reasonable attorneys' fees incurred by Fractal Analytics in connection with this action, pursuant to 15 U.S.C. § 1117(a); and

5.     That the Court order an award to Fractal Analytics of such other and further relief as the Court may deem just and proper.

Dated: August 9, 2019    By:    /s/ Attison L. Barnes, III /s/

Attison L. Barnes, III (VA Bar No. 30458)
A.  Neal Seth (*for pro hac admission*)
David E. Weslow (*for pro hac admission*)
Adrienne J. Kosak (VA Bar No. 78631)
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
(202) 719-7000 (phone)
(202) 719-7049 (fax)
abarnes@wileyrein.com

*Counsel for Plaintiff*
*Fractal Analytics, Inc.*