**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| FRACTAL ANALYTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FRACTALANALYTICSINC.COM and FRACTAL-ANALYTICS.COM, Internet domain names, <br><br> Defendants. | Civ. A. No. 1:19-cv-01051-TSE-JFA |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT**

Pursuant to Fed. R. Civ. P. 55(b)(2), Plaintiff Fractal Analytics, Inc. ("Fractal Analytics"), by counsel, submits this Memorandum in Support of Plaintiff's Motion for Default Judgment: (i) entering Judgment against Defendants FractalAnalyticsInc.com and Fractal-Analytics.com (collectively, "the Defendant Domain Names") on Count I of Plaintiff's Complaint; (ii) directing VeriSign, Inc. to transfer the Defendant domain names to Plaintiff's domain name registrar of choice, BigRock Solutions Ltd., and directing BigRock Solutions Ltd. to take all necessary steps to have Fractal Analytics listed as the registrant for the FractalAnalyticsInc.com and Fractal-Analytics.com domain names; and (iii) providing such further relief as the Court determines just and proper, and in support thereof states as follows:

**I.      INTRODUCTION**

Fractal Analytics has filed a Motion under Fed. R. Civ. P. 55(b)(2) for default judgment to halt the blatant cybersquatting related to its protected trademarks. The registration of the FractalAnalyticsInc.com and Fractal-Analytics.com domain names violates the Federal Anti-

Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d)(1). Fractal Analytics possesses protectable rights in the FRACTAL, FRACTAL ANALYTICS, and FRACTAL formative marks (collectively, the "FRACTAL Marks"), and uses those marks in association with software development, data analytics, and related services. Both of the Defendant Domain Names are "typosquatting," i.e., they are employing common typos of Fractal Analytics' protected trademarks in order to obtain internet visitors intending to visit Fractal Analytics' website. The Defendant Domain Names were registered by a registrant or multiple registrants who lack any rights or other interest in the domain names. Moreover, the Defendant Domain Names were registered in bad faith without permission from Fractal Analytics.

By their default, the Defendant Domain Names have conceded the truth of the allegations of Fractal Analytics' Complaint. There is no genuine issue of fact remaining in this suit, and default judgment should be entered against the Defendant Domain Names providing for transfer of the domains to the trademark holder Fractal Analytics.

## II. FACTUAL BACKGROUND

### A. Plaintiff Fractal Analytics and Its Trademark Rights

Fractal Analytics was founded in 2000 to provide strategic analytic services to companies around the world, offering data transformation and delivery services, predictive analytics solutions, valuation management, and various other business-oriented software solutions. ECF No. 4 (Complaint, "Compl.") ¶ 13. Since its founding, Fractal Analytics has used the FRACTAL Marks around the world, including the United States, in association with software development, data analytics, and related services. *Id.* ¶ 14. Fractal Analytics advertises its services through, *inter alia*, its website at FractalAnalytics.com and Fractal.ai. *Id.* ¶ 15. Fractal Analytics has registered the FRACTAL and FRACTAL ANALYTICS word marks, and FRACTAL and FRACTAL INTELLIGENCE FOR IMAGINATION design marks on the

Principal Trademark Register. *Id.* ¶¶ 16-20 and Exs. C-G. These registrations are *prima facie* evidence of the validity of the marks, of Fractal Analytics' ownership of the marks, and of Fractal Analytics' exclusive right to use the marks in U.S. commerce.

### B. Registration of the Defendant Domain Names

The domain FractalAnalyticsInc.com is registered to an individual identified only as "WhoisGuard Protected," with registrar NameCheap, Inc. *Id*. ¶ 4 and Ex. A. The only distinction between the registered FRACTAL ANALYTICS mark and the FractalAnalyticsInc.com domain name is the "Inc." appended to the end. *Id.* ¶ 23. The domain was first registered on June 17, 2019. *Id.* ¶ 24.

The domain Fractal-Analytics.com is registered to a registrant whose identity has been "REDACTED FOR PRIVACY," at registrar Domain.com LLC. *Id.* ¶ 5 and Ex. B. The domain name differs from the FRACTAL ANALYTICS mark only with respect to a hyphen between the terms "Fractal" and "Analytics". *Id.* ¶ 25. The domain was first registered on June 20, 2019.

The use of the FRACTAL Marks within the Defendant Domain Names is without authorization from Fractal Analytics. *Id.* ¶ 27. The registrant(s) of the Defendant Domain Names do not have any trademark or intellectual property rights in those domains. *Id.* ¶ 28. The Defendant Domain Names were registered with the intent to divert consumers away from Fractal Analytics' legitimate online locations, for commercial gain. *Id.* ¶¶ 33.

### C. The Instant Proceeding

Fractal Analytics filed this action against the Defendant Domain Names on August 9, 2019. *See* ECF No. 1. The Complaint seeks the transfer of the Defendant Domain Names to Fractal Analytics for violation of the ACPA. *Id.*

On August 16, 2019, Fractal Analytics sent letters to the current registrant(s) of the Defendant Domain Names via the email and physical addresses available in the Whois database.

3

*See* ECF No. 4-1 ¶ 7 and Attachs. 1-2. The letters informed the registrant(s) that Fractal Analytics had filed the present suit and provided a copy of the Complaint, and provided notice of Fractal Analytics' intent to proceed *in rem*. *Id.*

On August 21, 2019, Fractal Analytics filed a Motion for Service by Publication, and served the motion via email. *See* ECF No. 3. On August 22, 2019, the Court granted Fractal Analytics' Motion and ordered Fractal Analytics to publish the Order providing notice to the Defendant Domain Names in *The Washington Post* or *The Washington Time* once within fourteen (14) days after the entry of the Order, and to serve the Order on the Defendant Domain Names via email. *See* ECF No. 6. The Order further directed Fractal Analytics to file a declaration within twenty-one (21) days after the entry of the Order describing the steps that Fractal Analytics had taken to comply with the Order. *Id.*

Fractal Analytics served the Order on Defendants via email on August 22, 2019, and caused the Order of Service by Publication to be published in *The Washington Times* on August 23, 2019. *See* ECF No. 7 ¶¶ 4-5 and Exs. A-B. Fractal Analytics filed its declaration describing compliance with the Order on August 28, 2019, and served the declaration on the Defendant Domain Names via email. *Id.* The Defendant Domain Names have not filed any response to the Complaint. On September 16, 2019, Fractal Analytics filed and served via email a request for entry of default judgment. ECF No. 8. On September 17, 2019, the Clerk entered default against the Defendant Domain Names. *See* ECF No. 9.

III. **ARGUMENT**

    A. **This Court Has Jurisdiction to Enter Default Judgment Against the Defendant Domain Names.**

The Court has jurisdiction to grant Fractal Analytics' motion and enter default judgment against the Defendant Domain Names because the Court has subject matter jurisdiction over this

action as well as *in rem* jurisdiction over the FractalAnalyticsInc.com and Fractal-Analytics.com domain names. The Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121(a) (all federal trademark actions), 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1338(a) (any act of Congress relating to patents, copyrights, and trademarks). *See* Compl. ¶ 7.

This Court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because the listed registrant(s) of the Defendant Domain Names are being concealed by the registrars and/or privacy services, and therefore, despite its diligence, Plaintiff can neither find, nor obtain *in personam* jurisdiction over, a person who would have been a defendant under 15 U.S.C. § 1125(d)(1)(A). *See id.* ¶¶ 8, 40-41.

*In rem* jurisdiction and venue are proper in this District pursuant to 15 U.S.C. § 1125(d)(2)(C) because the top-level domain registry operator for .COM domain names, VeriSign, Inc., is situated in this judicial district, and the Defendant Domain Names are .COM domains. *See id.* ¶ 10.

> **B.** **Service Upon the Defendant Domain Names Was Proper, and the Clerk Appropriately Entered Default as to the Defendant Domain Names.**

The Clerk of this Court enters a default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a). The Clerk's entry of default against the Defendant Domain Names was required here because, as the docket reflects, the time for filing a responsive pleading had passed.

Sections 2(A)(ii)(II)(bb) and 2(B) of the Anti-Cybersquatting Consumer Protection Act contemplate service of process in *in rem* proceedings by "publishing notice of action as the court may direct promptly after filing the action." On August 21, 2019, Fractal Analytics filed a Motion for Service by Publication. *See* ECF No. 3. On August 22, 2019, the Court granted

5

Fractal Analytics' motion and ordered Fractal Analytics to publish the Order providing notice to the Defendants in *The Washington Post* or *The Washington Times* once within fourteen (14) days after the entry of the Order and requiring the Defendants to respond within twenty-one (21) days of publication. *See* ECF No. 6. Fractal Analytics caused the Order of Service by Publication to be published in *The Washington Times* on August 23, 2019. *See* ECF No. 7 ¶ 5. Fractal Analytics filed its declaration describing compliance with the Order on August 28, 2019. *See id.*

These facts, supported by the uncontroverted declarations filed in this action, demonstrate that the Defendant Domain Names (and anyone acting on their behalf) had both constructive and actual notice of this suit yet failed to enter an appearance or otherwise defend this action. Therefore, the Clerk appropriately entered default as to the Defendant Domain Names pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

C.  **Fractal Analytics Is Entitled to a Default Judgment Against the Defendant Domain Names.**

By failing to appear or otherwise defend against the Complaint, the Defendant Domain Names are deemed to have admitted every allegation therein, and the Court must only determine whether the Complaint properly states a claim for relief. *See GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). This Court should conclude that the Defendant Domain Names have admitted the well-pled allegations set forth in the Complaint that establish Fractal Analytics' entitlement to a transfer of the domain names. *See Agri-Supply Company, Inc. v. Agrisupply.com*, 457 F. Supp. 2d 660, 664 (E.D. Va. 2006).

The ACPA provides that a person is liable to a trademark owner if that person has a bad faith intent to profit from the trademark owner's mark and the person registers, traffics in, or uses a domain name that is identical or confusingly similar to or dilutive of that mark. 15 U.S.C. § 1125(D)(1)(a); *see also Central Source LLC v. annualdcreditreport.com*, No. 14-CV-304, 2014

WL 3811162 (E.D. Va. Aug. 1, 2014) at * 6 (citing *People for the Ethical Treatment of Animals v. Doughnet*, 263 F.3d 359, 367 (4th Cir. 2001)); *Agri-Supply Co.*, 457 F. Supp. 2d at 662-63. The Complaint pleads both that the domain names are nearly identical and confusingly similar to Fractal Analytics' distinctive and/or famous FRACTAL Marks and that the registrations of the domain names were in bad faith. *See* Compl. ¶¶ 23, 25, 38, 39.

    a.    <u>The FRACTAL Marks</u>

Fractal Analytics has trademark protection in numerous FRACTAL formative marks, including registrations on the Principal Trademark Register for the word marks FRACTAL, FRACTAL ANALYTICS, and design marks FRACTAL and FRACTAL INTELLIGENCE FOR IMAGINATION. *Id.* ¶¶ 16-20 and Exs. C-G. The marks are both distinctive at present, and were distinctive at the time that the Defendant Domain Names were registered. 15 U.S.C. §§ 1125(d)(1)(B)(i)(IX); Compl. ¶ 38. Indeed, Fractal Analytics' registrations demonstrate the validity and distinctiveness of the mark. *See id.* ¶ 21; *Cent. Source LLC v. annualcreditreport.com*, No. 1:14-CV-302 AJT/JFA, 2014 WL 3891667, at *7 (E.D. Va. Aug. 7, 2014) ("The registration for the AnnualCreditReport mark on the Principal Register is prima facie evidence that the mark is at least descriptive and has acquired distinctiveness."). Moreover, this Court has previously recognized the validity and enforceability of the FRACTAL Marks. *See Fractal Analytics, Inc. v. FractalAnalyticsPro.com*, 1:18-cv-853 (CMH/MSN) [Doc. 22] (E.D. Va. Jan. 23, 2019) (entering judgment in favor of Fractal Analytics on ACPA claim); Compl. ¶ 22.

    b.    <u>The Defendant Domain Names Are Confusingly Similar to the FRACTAL Marks.</u>

The FractalAnalyticsInc.com and Fractal-Analytics.com domain names are confusingly similar to Fractal Analytics' FRACTAL Marks pursuant to 15 U.S.C. §§ 1125(d)(1)(A)(ii)(I).

Under the ACPA, courts look to the facial similarity of the domains to the marks to determine confusing similarity. *Coca-Cola Co. v. Purdy*, 382 F.3d 774, 783 (8th Cir. 2004) ("It is the challenged domain name and the plaintiff's mark which are to be compared."). "In assessing whether a mark is confusingly similar, the allegedly infringing domain name does not need to be identical to the registered mark. Rather, the 'dominant or salient portions' of the domain name must be sufficiently similar." *Volvo Trademark Holding AB v. Volvospares.com*, 703 F. Supp. 2d 563, 568 (E.D. Va. 2010) (quoting *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 936 (4th Cir.1995)). For example, in *Volvo*, the Eastern District of Virginia found that "Volvo" was the dominant portion of the domain volvospares.com, and therefore the domain was confusingly similar to the plaintiff's VOLVO mark. *Id.* Similarly, in *FPS Networks v. IOGameSpace.com*, the Eastern District of Virginia found that the domains IOGameSpace.com and IOGamesSpace.com were confusingly similar to the plaintiff's IOGAMES SPACE mark. 2018 WL 7575195, at *4. In so finding, the court relied in part on the fact that the defendants were engaging in typosquatting by "tak[ing] advantage of common errors made by consumers when attempting to reach" the plaintiff's website. *Id.*

Much like in *IOGameSpace.com*, the Defendant Domain Names are wholesale adopting the FRACTAL Marks, distinguished only by insubstantial differences or common typographical errors. FractalAnalyticsInc.com is Fractal Analytics' registered FRACTAL ANALYTICS mark with an "Inc." added to the end; Fractal-Analytics.com is also the same as the FRACTAL ANALYTICS mark, but with a hyphen swapped for the space. *See* Compl. ¶¶ 23-25; *see also W.W. Williams Co. v. Google, Inc.*, No. 2:13-CV-713, 2013 WL 3812079, at *6 (S.D. Ohio July 22, 2013) ("The addition of 'inc' . . . in the John Does' domain name and email addresses does not distinguish those names from Plaintiff's domain name sufficiently to avoid confusion."); *In*

8

*Re Bee Fly Sarl*, No. SERIAL 76365771, 2005 WL 1822536, at *2 (July 25, 2005) (finding the difference of removing a space between two words to be "insignificant"). Further, the mere addition of a top level domain signifier, such as .com, to a protected trademark does not diminish the confusing similarity. *See Investools, Inc. v. Investtools.com*, No. 1:06-cv-210, 2006 WL 2037577, at *3 (E.D. Va. July 17, 2006) (citing *Brookfield Commc'ns, Inc. v. W. Coast Entm't Corp.*, 174 F.3d 1036, 1055 (9th Cir. 1999); *Nissan Motor Co. v. Nissan Computer Corp.*, 204 F.R.D. 460, 466-67 (C.D. Cal. 2001) ("[A]ny permutations one may derive from adding a toplevel domain . . . to the second-level domain 'nissan' are indistinguishable as a matter of law"). Thus, it is clear that the Defendant Domain Names are confusingly similar to Fractal Analytics' FRACTAL Marks.

### c. The Defendant Domain Names' Bad Faith

The ACPA lists several non-determinative factors that a court may consider when determining bad faith, including a defendant's intellectual property rights in the domain name; the extent to which the name consists of the defendant's legal name; a defendant's bona fide noncommercial or fair use of the mark in a site accessible under the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark; and a defendant's provision of misleading or false contact information when applying for registration of the domain name. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (II), (IV), (V), (VII). "The factors are given to courts as a guide" and need not be exhaustively considered in every case. *Lamparello v. Falwell*, 420 F.3d 309, 319-20 (4th Cir. 2005).

Here, the facts support a finding of bad faith by the Defendant Domain Names.

First, none of the Defendant Domain Names have any intellectual property rights in the domain names. *See* Compl. ¶ 28; 15 U.S.C. §§ 1125(d)(1)(B)(i)(I).

Second, the Defendant Domain Names do not consist of the legal name of any of the registrants, or a name that is otherwise commonly used to identify any of the registrants, given that the Defendant Domain Names correspond to Fractal Analytics' name and marks.  Compl. ¶ 29; 15 U.S.C. § 1125(d)(1)(B)(i)(II).

Third, the Defendant Domain Names have not engaged in bona fide noncommercial or fair use of the FRACTAL Marks in a website accessible under the domain name. Compl. ¶ 30; 15 U.S.C. § 1125(d)(1)(B)(i)(IV).  At present, no websites are accessible under the Defendant Domain Names.  Compl. ¶ 31.

Fourth, the Defendant Domain Names appear to have been registered with the intent to divert consumers away from Fractal Analytics' legitimate online locations, for commercial gain, by creating a likelihood of confusion as to source, sponsorship, affiliation, or endorsement of the Defendant Domain Names.  *Id.* ¶ 33; 15 U.S.C. § 1125(d)(1)(B)(i)(IV).  This intent is demonstrated by the fact that the Defendant Domain Names differ from the FRACTAL Marks in only minor, common typos.  The Defendant Domain Names clearly intend to attract customers who desire and intend to visit Fractal Analytics' websites, not the Defendant Domain Names.

Finally, the registrant(s) of the Defendant Domain Names supplied false or misleading contact information when registering the domains, thus further demonstrating a bad faith intent to profit from the FRACTAL Marks. FAC ¶ 34; 15 U.S.C. §§ 1125(d)(1)(B)(i)(VII); *see Int'l Bancorp, L.L.C. v. Societe Des Baines De Mer Et Du Cercle Des Estrangers A Monaco*, 192 F. Supp. 2d 467, 486-87 (E.D. Va. 2002) (finding that use of aliases "creates an atmosphere of deception" that supports finding of bad faith); *Montblanc-Simplo GmbH v. AChatStyloMontblanc.com*, No. 1:13-CV-1013, 2014 WL 107395, at *6 (E.D. Va. Jan. 3, 2014) (finding bad faith where true identity and correct service address have not been provided).

Indeed, the registrants of both FractalAnalyticsInc.com and Fractal-Analytics.com employed privacy services with the clear intent of concealing their identities. *See* Compl. ¶¶ 4, 5, 35.

For all of these reasons, the pleaded facts support a finding of bad-faith registration of the Defendant Domain Names.

### D. The Defendant Domain Names Should Be Transferred to Fractal Analytics.

The ACPA provides that the remedy for an *in rem* proceeding is either the forfeiture or cancellation of the domain names or the transfer of the domain name(s) to the owner of the mark. 15 U.S.C. § 1125(d)(2)(D)(i). The domain name registry for the Defendant Domain Names is maintained by VeriSign, which is located within this judicial district and thus subject to the Court's jurisdiction. Compl. ¶ 10. Accordingly, the Court may properly enter a default judgment and order the .com domain name registry and any relevant domain name registrar to transfer ownership of the Defendant Domain Names to Fractal Analytics. *See, e.g.*, *Acme Billing*, 2015 WL 2401429, at *5; *Central Source*, 2014 WL 3811162, at *8; *America Online, Inc. v. AOL.org*, 259 F. Supp. 2d 449, 453-55 (E.D. Va. 2003).

### IV. CONCLUSION

For the foregoing reasons, Fractal Analytics respectfully requests that the Court grant this Motion for Default Judgment, order that the Defendant Domain Names be transferred to Fractal Analytics, and grant such further relief as this Court deems proper, as set forth in the accompanying Proposed Order.

Dated: September 25, 2019             By:      /s/ Attison L. Barnes, III /s/
                                                Attison L. Barnes, III (VA Bar No. 30458)
                                                David E. Weslow (*for pro hac admission*)
                                                Adrienne J. Kosak (VA Bar No. 78631)
                                                WILEY REIN LLP
                                                1776 K St. NW
                                                Washington, DC 20006
                                                (202) 719-7000 (phone)
                                                (202) 719-7049 (fax)
                                                abarnes@wileyrein.com

                                                *Counsel for Plaintiff*
                                                *Fractal Analytics, Inc.*

## **CERTIFICATE OF SERVICE**

I, Attison L. Barnes, III, hereby certify that on September 25, 2019, I electronically filed the foregoing by using the CM/ECF system. I also sent a copy to the registrants of the Defendant Domain Names at the email and physical addresses available for the registrants:

Registrant of FractalAnalyticsInc.com
c/o WhoisGuard, Inc.
P.O. Box 0823-03411
Panama City, Panama
c39e9dabf88c4fd6b888ad56ef4fbd7d.protect@whoisguard.com

Registrant of Fractal-Analytics.com
c/o Domain.com, LLC
10 Corporate Drive, Suite 300
Burlington, MA 01803
compliance@domain-inc.net

  /s/ Attison L. Barnes, III /s/
Attison L. Barnes, III
WILEY REIN LLP
1776 K Street, NW
Washington, DC  20006
Tel: (202) 719-7000
Fax: (202) 719-7049
abarnes@wileyrein.com

*Counsel for Fractal Analytics, Inc.*