IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FRACTAL ANALYTICS, INC.,                     )
                                             )
            Plaintiff,                       )
                                             )
v.                                           )        Civil Action No. 1:19cv1051 (TSE/JFA)
                                             )
FRACTALANALYTICSINC.COM,                     )
FRACTAL-ANALYTICS.COM,                       )
                                             )
            Defendants.                      )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS

This matter is before the court on plaintiff's motion for default judgment pursuant to

Federal Rule of Civil Procedure 55(b)(2). (Docket no. 11). Pursuant to 28 U.S.C. §

636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of

fact and recommendations, a copy of which will be provided to all interested parties.

### Procedural Background

On August 9, 2019, plaintiff filed a single count complaint against two internet domain

names, fractalanalyticsinc.com and fractal-analytics.com ("Defendant Domain Names").

(Docket no. 1). The complaint alleges a violation of the Anti-Cybersquatting Consumer

Protection Act, 15 U.S.C. § 1125(d) ("ACPA"). (*Id.* ¶¶ 37–44). On August 21, 2019, plaintiff

moved for service by publication. (Docket no. 3). The court granted the motion on August 22,

2019, entering an order requiring plaintiff to publish notice of this action. (Docket no. 6).

Plaintiff arranged for publication in *The Washington Times* on August 23, 2019. (Docket no. 7 at

2).

1

On September 16, 2019, plaintiff requested an entry of default as to the Defendant Domain Names (Docket no. 8), which the Clerk of Court entered the following day (Docket no. 9). On September 25, 2019, plaintiff filed this motion for default judgment (Docket no. 11) and noticed the hearing for Friday, October 4, 2019 at 10:00 a.m. (Docket no. 13). As set forth in the motion for default judgment, plaintiff seeks an order changing the registrar of record for the Defendant Domain Names to plaintiff's registrar of choice, BigRock Solutions Ltd., and for plaintiff to be listed as the registrant for the domain names. (Docket no. 11 at 1). At the hearing on October 4, 2019, counsel for plaintiff appeared, but no one appeared on behalf of the Defendant Domain Names.

## Factual Background

The following facts are established by the complaint. (Docket no. 1) ("Compl."). Plaintiff is an analytic company and provides information and consultancy services to organizations for data-driven decision-making. (Compl. ¶¶ 3, 13). Since the company's founding in 2000, it has used its formative marks across the world, including the United States. (Compl. ¶¶ 13–14). Plaintiff's word marks and design marks are registered on the Principal Trademark Register of the U.S. Patent and Trademark Office. (Compl. ¶¶ 16–20).

Defendant fractalanalyticsinc.com uses plaintiff's name with "Inc." added to the end. (Compl. ¶ 23). Defendant fractal-analytics.com uses plaintiff's name with a hyphen inserted between the two terms. (Compl. ¶ 25). Both Defendant Domain Names divert visitors away from plaintiff's website. (Compl. ¶ 33). At present, neither of the Defendant Domain Names' websites are accessible. (Compl. ¶ 31).

2

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Based on the failure to plead or otherwise defend against this action, the Clerk of Court has entered a default as to defendants. (Docket no. 9).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter when necessary to enter or effectuate judgment.

## Jurisdiction and Venue

A court must have both subject matter jurisdiction and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff's claim asserts a violation of the ACPA (15 U.S.C. § 1125(d)). (Compl. ¶¶ 6, 37–44). Plaintiff alleges this court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and § 1338(a) (civil actions relating to trademarks). (Compl. ¶ 7).

Plaintiff alleges that this court has *in rem* jurisdiction over the Defendant Domain Names pursuant to 15 U.S.C. § 1125(d)(2)(A) because the listed registrants of the Defendant Domain Names are being concealed by the registrars or privacy services, therefore plaintiff cannot obtain

3

*in personam* jurisdiction and has been unable to identify the registrants despite its due diligence. (Compl. ¶ 8). Pursuant to 15 U.S.C. § 1125(d)(2)(C), plaintiff also alleges that venue is proper in this District because the registry for the Defendant Domain Names, VeriSign, Inc., is located here. (Compl. ¶ 10). Plaintiff alleges that the joinder of the Defendant Domain Names is proper under Federal Rule of Civil Procedure 20(a)(2) as the claims set forth in the complaint arise out of the same series of transactions, and the same questions of law are common to all the defendants. (Compl. ¶ 11).

Given the uncontested allegations that the registry for Defendant Domain Names is in this District, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that the court has *in rem* jurisdiction over the Defendant Domain Names, that joinder is appropriate, and that venue is proper in this court.

<u>Service</u>

Rule 4(n)(1) of the Federal Rules of Civil Procedure provides that the court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under the rule. Fed. R. Civ. P 4(n)(1). Under 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb), if the court finds that the owner of a trademark through due diligence was not able to find a person who would have been a defendant for violating any right of the owner of a mark protected under subsections (a) or (c), a plaintiff may publish a notice of the action as directed by the court.

On August 21, 2019, plaintiff moved for notice by publication. (Docket no. 3). On August 22, 2019, this court granted plaintiff's motion for publication and directed it to publish a notice in either *The Washington Post* or *The Washington Times* no later than fourteen (14) days after the entry of the order. (Docket no. 6). On August 23, 2019, plaintiff published a notice in

4

*The Washington Times*. (Docket no. 7).  Plaintiff also affirmed that it sent a copy of the publication order to the registrants' email addresses.  (Docket no. 7 at 1).  Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished as set forth in 15 U.S.C. § 1125(d)(2)(A)(ii).

### Grounds for Entry of Default

In accordance with Federal Rule of Civil Procedure 12(a) and the notice published in *The Washington Times*, anyone making a claim to the Defendant Domain Names was required to file a responsive pleading by September 13, 2019, twenty-one (21) days after the notice of action was published.  Fed. R. Civ. P. 12(a)(1).  No responsive pleading has been filed and no other claims were filed, and the time for doing so has since expired.  On September 16, 2019, plaintiff requested an entry of default.  (Docket no. 8).  The Clerk of Court entered a default against the Defendant Domain Names the following day.  (Docket no. 9).

For the reasons stated above, the undersigned magistrate judge recommends a finding that notice of this *in rem* action was proper and that no one has made a timely claim to the Defendant Domain Names, and that the Clerk of Court properly entered a default as to the Defendant Domain Names.

### Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Given that a default has been entered, the factual allegations in the complaint are deemed admitted.  *See* Fed. R. Civ. P. 8(b)(6).

The undersigned recommends a finding that plaintiff has established a violation of the ACPA.  As an initial matter, plaintiff contends that it owns the exclusive rights to the "Fractal

Analytics" mark. (Compl. ¶ 21). Plaintiff has not only used this mark in a global manner, but also has multiple U.S. Patent and Trademark Office registrations. (Compl. ¶¶ 14, 16–20).

To establish an ACPA violation, plaintiff is required to prove: (1) that defendants had a bad faith intent to profit from using the Defendant Domain Names, and (2) that the Defendant Domain Names are identical or confusingly similar to, or dilutive of, a distinctive mark owned by plaintiff. 15 U.S.C. § 1125(d)(1)(A); *see People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 367 (4th Cir. 2001). In determining whether a defendant acted in bad faith, a court may consider several factors, including:

> (I) the trademark or other intellectual property rights of the person, if any, in the domain name;
>
> (II) the extent to which the domain name consists of the legal name of the person or a name that is otherwise commonly used to identify that person;
>
> (III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;
>
> (IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;
>
> (V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;
>
> (VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;
>
> (VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact

information, or the person's prior conduct indicating a pattern of
such conduct;

(VIII) the person's registration or acquisition of multiple domain
names which the person knows are identical or confusingly similar
to marks of others that are distinctive at the time of registration of
such domain names, or dilutive of famous marks or others that are
famous at the time of registration of such domain names, without
regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the person's
domain name registration is or is not distinctive and famous within
the meaning of subsection (c)(1) of this section.

15 U.S.C. § 1125(d)(1)(B)(i); *see People for Ethical Treatment of Animals*, 263 F.3d at 368–69.

First, plaintiff has established that the current registrants of the Defendant Domain
Names had a bad faith intent to profit from them. (Compl. ¶¶ 30–33). Based on the factors set
forth in 15 U.S.C. § 1125(d)(1)(B)(i), plaintiff has established that the registrants of the
Defendant Domain Names: (1) do not have any trademark or intellectual property rights to
plaintiff's mark, as evidenced by plaintiff's numerous federal registrations with the U.S. Patent
and Trademark Office; (2) have used minor variants of plaintiff's mark for commercial gain; (3)
have not engaged in offering *bona fide* goods and services; (4) have not engaged in non-
commercial or fair use of plaintiff's mark; (5) intend to divert consumers away from plaintiff's
online location with the resultant effect of harming the value and goodwill associated with
plaintiff's mark; and (6) have provided likely false contact information when applying for the
registration of the respective domain names with the intention of concealing the identity of the
true owners. (Compl. ¶¶ 28–35, 43).

Second, plaintiff has established that the Defendant Domain Names are confusingly
similar to the distinctive mark owned by plaintiff. The Defendant Domain Names use small
variations of plaintiff's mark, namely the use of a hyphen or the addition of "Inc." to the end of

7

the name.  (Compl. ¶¶ 23, 25).  As a result, consumers are likely confused as to the source, affiliation, sponsorship, or endorsement of the Defendant Domain Names.  (Compl. ¶ 33).  Therefore, it is recommended that the court find that plaintiff has established a violation of the ACPA.

### Relief

In this *in rem* action, plaintiff seeks the transfer of the Defendant Domain Names. (Docket no. 11 at 1).  Pursuant to 15 U.S.C. § 1125(d)(1)(C), "[i]n any civil action involving the registration, trafficking, or use of a domain name under this paragraph, a court may order the forfeiture or cancellation of the domain name or the transfer of the domain name to the owner of the mark."  This court has previously ordered the transfer of domain names where those domain names infringe on valid trademarks. *See Int'l Bancorp, L.L.C. v. Societe Des Bains De Mer Et Du Cercle Des Etrangers A Monaco*, 192 F. Supp. 2d 467, 490 (E.D. Va. 2002).  Given that plaintiff has established a violation of the ACPA through the unauthorized use of plaintiff's mark by Defendant Domain Names, the undersigned recommends the entry of an order requiring the transfer of the Defendant Domain Names to plaintiff.

### Conclusion

For the reasons stated above, the undersigned recommends that a default judgment be entered in favor of Fractal Analytics, Inc. and against each of the Defendant Domain Names pursuant to Count I of the Complaint alleging a violation of the Anti-Cybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)(1)(C)).  The undersigned recommends it be ordered that VeriSign, Inc., the registry for the Defendant Domain Names, change the registrar of record for domain names fractalanalyticsinc.com and fractal-analytics.com to BigRock Solutions Ltd.,

8

plaintiff's choice of registrar, and that BigRock Solutions Ltd register the domain names in plaintiff's name.

## Notice

By means of the court's electronic filing system and by sending copies of these proposed findings of fact and recommendations to email addresses c39e9dabf88c4fd6b888ad56ef4fbd7d.protect@whoisguard.com and compliance@domain-inc.net; and mailing copies to c/o WhoisGuard, Inc., P.O. Box 0823-03411 Panama City, Panama and c/o Domain.com, LLC, 10 Corporate Drive, Suite 300 Burlington, MA 01803, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations and a failure to file timely objections waives appellate review of the substance of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

ENTERED this _____ day of October, 2019.

/s/

John F. Anderson
United States Magistrate Judge

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia